ORIGINAL



FILED
06 OCT 23 PM 3:34
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

STUTZ ARTIANO SHINOFF & HOLTZ
*A Professional Corporation*
Daniel R. Shinoff, Esq. (State Bar No. 99129)
Paul V. Carelli, Esq. (State Bar No. 190773)
2488 Historic Decatur Road, Suite 200
San Diego, CA 92106
619-232-3122 (Telephone)
619-232-3264 (Fax)
Attorneys for Defendant
MIRACOSTA COMMUNITY COLLEGE DISTRICT
(erroneously sued as MIRACOSTA COLLEGE)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA ALMENDAREZ,<br><br>    Plaintiff,<br><br>vs.<br><br>MIRACOSTA COLLEGE, and DOES 1 through 20, inclusive, ,<br><br>    Defendant. | Case No. 06 CV 2177 L (WMc)  **FILE BY FAX**<br><br>**DEFENDANT MIRACOSTA COMMUNITY COLLEGE DISTRICT'S ANSWER TO COMPLAINT**<br><br>JUDGE: Hon. M. James Lorenz<br>COURTROOM: 14<br><br>COMPLAINT FILED: 10/2/2006<br>TRIAL DATE: NONE YET |

Defendant MiraCosta Community College District, erroneously sued as Miracosta College, hereby answers Plaintiff's Complaint as follows:

## I.
## RESPONSE TO INTRODUCTORY ALLEGATIONS

1.   Defendant admits the allegations in paragraphs 1, 2, and 3.

2.   Defendant lacks sufficient information or belief and thereon denies each allegation in paragraph 4.

///

///

1

Case No. 06 CV 2177 L (WMC)
DEFENDANT MIRACOSTA COMMUNITY COLLEGE DISTRICT'S ANSWER TO COMPLAINT
@PFDesktop\::ODMA\WORLDOX\G:/DATA/1017/1011/P1/T0010510.WPD

## II.

## RESPONSE TO FIRST CAUSE OF ACTION

1. As to paragraph 5, Defendant responds and incorporates by reference its responses to paragraphs 1 through 4.

2. Responding specifically to paragraph 6 of the Complaint, Defendant denies each and every allegation in it with the following exceptions: Defendant admits that Plaintiff began working for Defendant in September, 2002, and that Plaintiff made a complaint of gender discrimination in early 2006, and that several meetings occurred in 2006.

3. Defendant denies each and every material allegation in paragraphs 7, 8, 10, 11, and 12.

4. Defendant admits the allegations in paragraph 9.

## III.

## RESPONSE TO SECOND CAUSE OF ACTION

5. As to paragraph 13, Defendant responds and incorporates by reference its responses to paragraphs 1 through 12.

6. Defendant denies each and every material allegation in paragraphs 14, 15, 16, 18, 19, and 20.

7. In response to paragraph 17, Defendant admits that Plaintiff exhausted her administrative remedies by filing administrative complaints with the Equal Employment Opportunity Commission and the California Department of Fair Employment and Housing, as is alleged in paragraph 17, and denies the remainder of the paragraph.

## IV.

## RESPONSE TO THIRD CAUSE OF ACTION

8. As to paragraph 21, Defendant responds and incorporates by reference its responses to paragraphs 1 through 20.

9. Defendant denies each and every material allegation in paragraphs 21, 22, 23, 24, 26, 27, and 28.

///

10. In response to paragraph 25, Defendant admits that Plaintiff exhausted her administrative remedies by filing administrative complaints with the Equal Employment Opportunity Commission and the California Department of Fair Employment and Housing, and denies the remainder of the paragraph.

## AFFIRMATIVE DEFENSES

### V.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim for which Relief May Be Granted)**

As a separate affirmative defense to the Complaint on file herein, this answering Defendant alleges that the Complaint, and each cause of action thereof, fails to allege facts or other allegations sufficient to constitute a cause of action against this answering Defendant.

### VI.

### SECOND AFFIRMATIVE DEFENSE

**(Plaintiff's Comparative Fault)**

As a separate affirmative defense to the Complaint on file herein, this answering Defendant is informed and believes and thereon alleges, that the damages, if any, sustained or suffered by Plaintiff in the action on file herein, were proximately caused and contributed to by the negligence of Plaintiff, in that Plaintiff failed to exercise ordinary, reasonable care and caution concerning the matters alleged in said Complaint, which negligence bars recovery and/or reduces Plaintiff's recovery in proportion to the percentage of plaintiff's negligence, and fault of Plaintiff.

### VII.

### THIRD AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

As a separate affirmative defense to the Complaint on file herein, this answering Defendant is informed and believes and thereon alleges that at all times herein mentioned, Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed

///

1 any and all risks attendant upon Plaintiff's conduct, including any purported damages alleged
2 to be related thereto and proximately caused thereby.

## VIII.

## FOURTH AFFIRMATIVE DEFENSE

### (No Legal Cause)

As a separate affirmative defense to the Complaint on file herein, this answering Defendant is informed and believes and thereon alleges that the acts, omissions, if any, of the Defendants herein were not the legal cause of the losses, damage or injuries alleged in the Complaint.

## IX.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Others)

As a separate affirmative defense to the Complaint on file herein, this answering Defendant is informed and believes and thereon alleges that if Defendant is in any way held responsible for the damages claimed herein by Plaintiff that the damages so sustained were proximately caused and contributed to by primary and active fault, or the culpable acts, omissions and fault of persons and entities other than this answering Defendant, which persons and entities include each and every party to this action, and Defendant therefore alleges that any and all damages awarded herein should be apportioned between all such responsible parties pursuant to the doctrines of comparative negligence, total indemnity and partial indemnity.

## X.

## SIXTH AFFIRMATIVE DEFENSE

### (No Joint and Several Liability for Non-Economic Losses)

As a separate affirmative defense to the Complaint on file herein, this answering Defendant denies that Defendant was responsible for Plaintiff's damages in the incident alleged in the Complaint on file herein. However, if liability is found, this answering Defendant may be held liable only for the amount of non-economic damages allocated to this answering

///

Defendants in direct proportion to this answering Defendant's percentage of fault, pursuant to California Civil Code section 1431.2.

## XI.

### SEVENTH AFFIRMATIVE DEFENSE

#### (General Governmental Immunity)

As a separate affirmative defense to the Complaint on file herein, this answering Defendant alleges that the Complaint, and each and every cause of action herein, is barred by the provisions of California Government Code sections 815, 815.2 (b), 820 (b), 820.2, and 820.8.

## XII.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Government Code § 818)

As a separate affirmative defense to the Complaint on file herein and each and every cause of action therein, this answering Defendant asserts the immunity provided by Government Code § 818 which precludes any claim for punitive damages against a public entity.

## XIII.

### NINTH AFFIRMATIVE DEFENSE

#### (Failure to Comply With Government Code § 12900, *et seq.*)

As a separate affirmative defense to the Complaint and each purported cause of action therein, this answering Defendant asserts that Plaintiff has failed to exhaust her administrative remedies against this answering Defendant as required by the Government Code § 12900, *et seq*.

## XIV.

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust All Administrative Remedies Pursuant to California Government Code § 12900, *et seq.*)

As a separate affirmative defense to the Complaint and each purported cause of action therein, this answering Defendant asserts that Plaintiff has failed to exhaust her administrative remedies pursuant to California Government Code § 12900, *et seq*.

## XV.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Timely Exhaust All Administrative Remedies - EEOC and DFEH)

As a separate affirmative defense to the Complaint and each purported cause of action therein, this answering Defendant asserts that Plaintiff has failed to timely exhaust her administrative remedies pursuant to the Equal Employment Opportunities Commission and California Department of Fair Employment and Housing by failing to timely bring claims against this answering Defendant or by alleging matters in the Complaint outside of the scope of the administrative claims.

## XVI.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a separate affirmative defense to the Complaint on file herein, this answering Defendant is informed and believes and thereon alleges that Plaintiff has failed, refused, and neglected to reasonably mitigate Plaintiff's damages, which bars or diminishes any recovery herein by Plaintiff.

## XVII.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Investigation)

As a separate affirmative defense to the Complaint on file herein, this answering Defendant asserts that the investigation conducted in this matter was done so in good faith. Accordingly, this answering Defendant asserts that it is entitled to all immunities which exist for conducting good faith investigations in employment matters.

## XVIII.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Code Protections)

As a separate affirmative defense to the Complaint on file herein, this answering defendant is informed and believes, that plaintiff's alleged causes of action are barred by the

applicable and appropriate statutes of limitations contained in Title VII, and California Code of Civil Procedure sections 335.1, 342 and 343.

### XIX.

### SIXTEENTH AFFIRMATIVE DEFENSE

(No Violation of Statutory Rights)

As a separate affirmative defense to the Complaint on file herein, this answering Defendant asserts that the Complaint, and each purported claim contained therein, is barred since defendant, and its agents, did not violate clearly established statutory rights.

### XX.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Immunity from Damages)

As a separate affirmative defense to the Complaint on file herein, this answering defendant alleges that it has substantially complied, in good faith, with all federal statutes and regulations and is immune from damages for any harm which may have resulted from such good faith compliance with federal law.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by way of the Complaint on file herein; for costs of suit herein incurred; and for such other and further relief as the Court may deem just and proper.

DATED: 10/23/06

STUTZ ARTIANO SHINOFF & HOLTZ
A Professional Corporation

By: _____
Daniel R. Shinoff
Paul V. Carelli, IV
Attorneys for Defendant
Attorneys for Defendant
MIRACOSTA COMMUNITY COLLEGE DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT MIRACOSTA COMMUNITY COLLEGE DISTRICT'S ANSWER TO COMPLAINT was this date served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and set to their last known address as follows:

Robert P. Stricker                    Attorney for Plaintiff
STRICKER & BALL                       EMMA ALEMNDAREZ
401 West A Street, Suite 2050
San Diego, CA 92101
619.515.9686/619.515.9688(F)

Temecula, California this 23th day of October, 2006.

_____
Thalpha Charmagne Pine

---

8

Case No. 06 CV 2177 L (WMC)
DEFENDANT MIRACOSTA COMMUNITY COLLEGE DISTRICT'S ANSWER TO COMPLAINT

@PPDesktop\ ODMA/WORLDOX/G /DATA/1017/1011/PL/10010530 WPD